## Suplee v. Warrington Township

*James M. McMaster,* for plaintiff.

*Linda Caracappa,* for Warrington Township Municipal Authority.

*R. Barry McAndrews,* for Warrington Township Board of Supervisors.

BIESTER, JR., *J.,* June 5, 1984—The court having reviewed the various pleadings, stipulations and the notes of testimony of the hearing held in this matter, now makes the following adjudication.

## FINDINGS OF FACT

The court finds as a matter of fact that the Warrington Township Municipal Authority is a municipal corporation organized as a municipal authority under the laws of Pennsylvania maintaining its principal office at 2080 Bristol Road, P.O. Box 636, Warrington, Bucks County, Pa. and that the authority was formed by the Supervisors of Warrington Township by Ordinance effective May 7, 1968. We further find that since its formation the authority has been governed by a board composed of five members.

Pursuant to a careful review of the notes of testimony, we find that as of June 6, 1978 the following named persons were members of the governing

board of the Authority and the expirations of their terms were as follows:

| | |
|---|---|
| Thomas | 12/31/78 |
| McClintock | 12/31/79 |
| Roney | 12/31/80 |
| Gallen | 12/31/81 |
| Auchenbach [sic] | 12/31/82 |

As of January, 1978, the term of Mr. Thomas had expired. However, no appointment was made to replace him and he therefore remained on the board as a holdover member awaiting the appointment of his successor. No appointments were made by the board of supervisors to the authority during the entire calendar year of 1979.

As of January 7, 1980, Mr. Thomas had been a holdover for about a year and Mr. McClintock became a holdover by dint of his term having expired on December 31, 1979. At the reorganization meeting of the board of supervisors of January 7, 1980, plaintiff in this case, Elsa Puder Suplee, was appointed for a "five-year term" on the board of the authority. The motion did not specify whether she was succeeding to Mr. Thomas' term or succeeding to Mr. McClintock's term. However, it is conceded that after the meeting of January 7, 1980 Mr. Thomas took no further active role in the authority and Mr. McClintock continued to maintain an active role in the authority. In fact Mr. McClintock continued to serve for another year as a holdover.

Clearly, under those circumstances Mrs. Suplee was appointed as a successor to Mr. Thomas' term and not to Mr. McClintock's term. For were she to have been a successor to Mr. McClintock, Mr. McClintock could not have served upon the board with her. The record is clear that he and Mrs. Suplee served together on the board throughout the calendar year of 1980.

## DISCUSSION AND CONCLUSIONS OF LAW

The case is governed by the Pennsylvania Municipalities Act of 1945, 53 P.S. §309. The two provisions which govern the matter are as follows:

Section 7, Governing Body

(a) . . . . their terms shall be staggered . . . .

Thereafter when a vacancy occurs by reason of the expiration of the term of any member, the said governing body shall appoint a member of the board for a term of five years from the date of expiration of the prior term to succeed the member whose term has expired.

(b) Members shall hold office until their successors have been appointed . . . .

The key to this case lies in the phrase "from the date of expiration of the prior term to succeed the member whose term has expired or is about to expire." The resolution of this case is quite clear and that is that Mrs. Suplee's five-year term must be computed from the date of expiration of the prior term to hers. That term qua term expired December 31, 1978 even though Mr. Thomas continued to serve as a holdover beyond the expiration of his term. Therefore, Mrs. Suplee's five-year term clearly expired on December 31, 1983. This interpretation of the matter satisfies the policy considerations behind the concept of staggered terms and also represents the only appropriate interpretation of the point from which Mrs. Suplee's five-year term should be computed consistent with the staggered term policy. We therefore make the following specific Adjudication: The five-year term of the plaintiff, Elsa Puder Supree, on the Warrington Municipal Authority must be computed from December 31, 1978 and therefore expired on December 31, 1983.